MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN SCHNEIDER )<br>)<br>Plaintiff,)<br>)<br>vs. )<br>)<br>GC SERVICES LIMITED PARTNERSHIP, a)<br>Foreign Limited Partnership, )<br>)<br>Defendant.)<br>_____ ) | NO:<br><br>JURY DEMANDED |

## COMPLAINT

## JURISDICTION

1.    The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

## PRELIMINARY STATEMENT

2.    This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.    In 2007, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4.    As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

PARTIES

5.      Plaintiff, STEPHEN SCHNEIDER is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.      Defendant, GC Services Limited Partnership , is a foreign limited partnership. the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Houston, Texas, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.      Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.      Plaintiff is an *extremely* prominent Las Vegas business man.

9.      Plaintiff graduated from the University of Nebraska in 1965.

10.     Plaintiff neither applied for nor received a student loan of any kind.

11.     Plaintiff has absolutely no connection to the debt underlying this action.

12.     On December 13, 2007, Plaintiff filed a prior action against Defendant styled: *Stephen Schneider v. GC Services Limited Partnership. a foreign corporation,* Case No. 2:07-cv-01672-LRH-LRL (Exhibit A).

13.     In Exhibit A Plaintiff alleged protracted harassment by Defendant.

14.     In Exhibit A Plaintiff based all his claims on the fact that he neither owed nor had any connection to the debt Defendant was aggressively attempting to collect.

15.     Defendant quickly and confidentially settled Plaintiff's claims and the original action was dismissed on May 9, 2008.

16.     Unbelievably, Defendant again aggressively harassed Plaintiff in order to collect this same purported student loan.

2

17. On February 21, 2010, Plaintiff filed yet another action against Defendant Styled: *Stephen Schneider v. GC Services Limited Partnership, a foreign Limited Partnership*, Case No. 2:10-cv-00245-RCJ-RJJ (Exhibit B).

18. Exhibit B reflects yet another harassing collection campaign involving scores of collection calls *relating to the same debt which underlay Plaintiff's first action against Defendant.*

19. Exhibit B reflects numerous threats of lawsuits and garnishment.

20. Defendant confidentially settled Plaintiff's claims in this *second action* and it was dismissed on October 5, 2010.

21. Unbelievably, Defendant has *again* aggressively harassed Plaintiff in order to collect the *same* purported student loan.

22. On July 8, 2011, Plaintiff was contacted by Defendant's representative, Mitchell Andrews.

23. Plaintiff couldn't speak with Andrews at that moment so Andrews provided Plaintiff his number, 800-753-8354, Ext. 4782.

24. Andrews advised Plaintiff he needed to speak with him regarding Plaintiff's forthcoming "wage garnishment."

25. Plaintiff returned Mr. Andrews' call on Wednesday, July 13, 2011.

26. Andrews advised Plaintiff his wages would be *garnished* in the event he did not enter into a payment plan regarding his outstanding loan.

27. Andrews then insisted Plaintiff speak to his supervisor.

28. Plaintiff refused indicating he would not pay and instead hanging up.

29. On Thursday morning, July 14, 2011, Defendant called Plaintiff's wife, Joyce, insisting that Plaintiff call.

30. Joyce hung up on Defendant's representative.

31. Defendant's collection calls and threats violated a myriad of FDCPA provisions.

32. Defendant's calls violated FDCPA 1692c(a)(2) which prohibits contact to a consumer known to be represented by counsel. *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1453 (D. Nev. 1994).

3

33.     Defendant's attempt to collect on a invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f.  Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

34.     Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1).  Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

35.     The Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5).  Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994), Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (1981), Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

36.     The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

37.     Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

38.     As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

39.     As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

. . .

. . .

. . .

4

CAUSES OF ACTION

COUNT I

40. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e 1692f and 1692g.

41. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

COUNT II

42. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); Pittman v. J. J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609, 613-14 (D. of Nev. 1997).*

43. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.

2. Award punitive damages.

3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

4. Award reasonable attorney fees.

5. Award costs.

6. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, NV 89102
Attorney for Plaintiff

5

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

STEPHEN SCHNEIDER,              )
                               )
        Plaintiff,             )
                               )          No.
vs.                            )
                               )
GC SERVICES LIMITED            )
PARTNERSHIP, a foreign         )
corporation,                   )
                               )
        Defendant.             )
_____)        JURY DEMANDED

COMPLAINT

JURISDICTION

1.   The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction.  Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2.   This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

**EXHIBIT A**

1       3.   In 2007, Defendant initiated a campaign of abusive,

2   unfair, unreasonable, and unlawful debt collection activity

3   directed against Plaintiff in Las Vegas, Nevada.

4       4.   As a result of these and other violations of law,

5   Plaintiff seeks hereby to recover actual and statutory damages

6   together with reasonable attorney's fees and costs.

7

8                   PARTIES

9       5.   Plaintiff, STEPHEN SCHNEIDER is a natural person who

10   resides in Las Vegas, Nevada, and is a "consumer" as defined by 15

11   U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by

12   15 U.S.C. Section 1692a(5).

13       6.   Defendant, GC Services Limited Partnership , is a foreign

14   corporation, the principal purpose of whose business is the

15   collection of debts, operating a debt collection agency from its

16   principal place of business in Columbus, Ohio, and regularly

17   collects or attempts to collect debts owed or due or asserted to be

18   owed or due another, and is a "debt collector" as defined by 15

19   U.S.C. Section 1692a(6).

20             FACTUAL ALLEGATIONS

21       7.   Plaintiff(s) repeat, reallege and assert all factual

22   allegations contained in the preliminary statement to this

23   Complaint and reassert them as incorporated in full herein.

24       8.   Plaintiff is an *extremely* prominent Las Vegas business

25   man.

26       9.   Plaintiff graduated from the University of Nebraska in

27   1965.

28

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

10.  Plaintiff neither applied for nor received a student loan of any kind.

11.  On Monday, September 24, 2007, Plaintiff's wife, Joyce, received a call from Defendant's representative, Manny.

12.  Manny demanded that Joyce provide Plaintiff's Social Security Number.

13.  Joyce refused and Manny hung up.

14.  Manny's number was 866-427-4865.

15.  Later that morning Anastasia spoke with Plaintiff also demanding his Social Security Number.

16.  Anastasia hung up when Plaintiff refused.

17.  On October 22, 2007, Janet called Plaintiff from 866-427-4865.

18.  Janet informed Plaintiff she worked for the government and was calling about Plaintiff's defaulted student loan.

19.  Plaintiff advised Janet he did not have a student loan and asked her to fax the underlying loan documents.

20.  Janet refused and then angrily threatened Plaintiff with garnishment of his and Joyce's income.

21.  Janet also advised Plaintiff his income tax refund would be confiscated.

22.  Janet also threatened to sue Plaintiff.

23.  On November 13, 2007, Scott called.

24.  Scott demanded $18,000.00 and told Plaintiff if he didn't pay his tax refund would be confiscated.

25.  On November 14 and 17, 2007, Scott called Joyce advising that Defendant's collection account would be reported on Plaintiff's credit profiles.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

3

26.   On November 27, 2007, Scott called Joyce again.

27.   This time instead of demanding $18,000.00, Scott demanded $5.00 per month for 4 months.

28.   Scott offered Plaintiff this "remedy" of rehabilitation.

29.   Scott called back on December 3, 2007, threatening garnishment.

30.   Scott then <u>screamed</u> at Plaintiff so Plaintiff hung up.

31.   On December 12, 2007, Scott called again.

32.   This time he demanded $28,000.00.

33.   Plaintiff asked Scott to fax him the information.

34.   Scott then put on his supervisor, *Steve*.

35.   Steve then told Plaintiff Defendant wouldn't fax Plaintiff anything.

36.   Steve told Plaintiff this was because Plaintiff was not "smart enough to read."

37.   Defendant's attempt to collect on a invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f. <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

38.   Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1).   <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), <u>Austin v. Great Lakes Collection Bureau, Inc.</u>, 834 F. Supp. 557, 559 (D. Conn. 1993).

39.   The Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507, 1516 (9th Cir.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

4

1   1994), <u>Bingham v. Collection Bureau, Inc.</u>, 505 F. Supp. 864, 873

2   (1981), <u>Kuhn v. Account Control Technology, Inc.</u>, 865 F. Supp.

3   1443, 1452-53 (D. Nev. 1994).

4       40.   The   foregoing   acts   and   omissions   of   Defendant   were

5   undertaken   by   it   willfully,   maliciously,   and   intentionally,

6   knowingly, and/or in gross or reckless disregard of the rights of

7   Plaintiff.

8       41.   Indeed,   the   foregoing   acts   and   omissions   of   Defendant

9   were undertaken by it indiscriminately and persistently, as part of

10  its regular and routine debt collection efforts, and without regard

11  to or consideration of the identity or rights of Plaintiff.

12      42.   As a proximate result of the foregoing acts and omissions

13  of Defendant, Plaintiff has suffered actual damages and injury,

14  including, but not limited to, stress, humiliation, mental anguish

15  and suffering, and emotional distress, for which Plaintiff should

16  be compensated in an amount to be proven at trial.

17      43.   As   a   result   of   the   foregoing   acts   and   omissions   of

18  Defendant, and in order to punish Defendant for its outrageous and

19  malicious conduct, as well as to deter it from committing similar

20  acts   in   the   future   as   part   of   its   debt   collection   efforts,

21  Plaintiff is entitled to recover punitive damages in an amount to

22  be proven at trial.

23                          CAUSES OF ACTION

24                              COUNT I

25      44.   The foregoing acts and omissions of Defendant constitute

26  violations of the FDCPA, including, but not limited to, Sections

27  1692c, 1692d, 1692e 1692f and 1692g.

28

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

5

45.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## COUNT II

46.   The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy.  *Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); Pittman v. J. J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609, 613-14 (D. of Nev. 1997).*

47.   Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

## JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.   Award actual damages.

2.   Award punitive damages.

3.   Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

4.   Award reasonable attorney fees.

5.   Award costs.

6.   Grant such other and further relief as it deems just and proper.

Respectfully submitted,

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, NV  89102
Attorney for Plaintiff

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

6

1   MITCHELL D. GLINER, ESQ.
    Nevada Bar #003419
2   3017 West Charleston Blvd., #95
    Las Vegas, NV 89102
3   (702) 870-8700
    (702) 870-0034 Fax
4   Attorney for Plaintiff

5

6                  UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA

7

8

9
    STEPHEN SCHNEIDER                    )        NO:
10                                       )
                             Plaintiff,  )
11   vs.                                 )
                                         )
12   GC SERVICES LIMITED PARTNERSHIP, a )        JURY DEMANDED
     Foreign Limited Partnership,        )
13                                       )
                             Defendant.  )
14   _____)

15
                            COMPLAINT
16
                            JURISDICTION
17
         1.    The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d),
18
     28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in
19
     the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the
20
     Defendant(s) perpetrated therein.
21
                       PRELIMINARY STATEMENT
22
         2.    This action is instituted in accordance with and to remedy Defendant's violations of
23
     the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and
24
     of related state law obligations brought as supplemental claims hereto.
25
         3.    In 2007, Defendant initiated a campaign of abusive, unfair, unreasonable, and
26
     unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.
27
         4.    As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and
28
     statutory damages together with reasonable attorney's fees and costs.

                              EXHIBIT B

PARTIES

5.     Plaintiff, STEPHEN SCHNEIDER is a natural person who resides in Las Vegas. Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.     Defendant, GC Services Limited Partnership . is a foreign limited partnership. the principal purpose of whose business is the collection of debts. operating a debt collection agency from its principal place of business in Columbus, Ohio. and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.     Plaintiff(s) repeat. reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.     Plaintiff is an *extremely* prominent Las Vegas business man.

9.     Plaintiff graduated from the University of Nebraska in 1965.

10.     Plaintiff neither applied for nor received a student loan of any kind.

11.     Plaintiff has absolutely no connection to the debt underlying this action.

12.     On December 13. 2007, Plaintiff filed a prior action against Defendant styled *Stephen Schneider v. GC Services Limited Partnership, a foreign corporation.* Case No. 2:07-cv-01672-LRH-LRL (Exhibit 1).

13.     In Exhibit 1 Plaintiff alleged protracted harassment by Defendant.

14.     In Exhibit 1 Plaintiff based all his claims on the fact that he neither owed nor had any connection to the debt Defendant was aggressively attempting to collect.

15.     Defendant quickly and confidentially settled Plaintiff's claims and the original action was dismissed on May 9, 2008.

16.     Unbelievably, Defendant has again aggressively harassed Plaintiff in order to collect this same purported student loan.

17.     Plaintiff has received none of the required FDCPA 1692(g) mandatory disclosures.

18.     Plaintiff has only received a fax cover sheet requesting his "Employment

2

1  Verification." (Exhibit 2).

2       19.    The calls started in late 2009 and have been made to both Plaintiff and his wife,

3  Joyce.

4       20.    The scores of calls have come from William, Christina, Uriel and Steve, to name just

5  a few.

6       21.    There have been numerous threats of lawsuits and garnishments.

7       22.    Steve has repeatedly advised Plaintiff that he will continue calling despite Plaintiff's

8  very direct, serial instructions that neither he nor Joyce ever be further contacted.

9       23.    Defendant's attempt to collect on a invalid debt was in violation of both FDCPA

10  §§ 1692e(2)(A) and (10) and FDCPA § 1692f.  Kimber v. Federal Financial Corp., 668 F. Supp.

11  1480, 1487-89 (M.D. Ala. 1987).

12       24.    Defendant's continued phone contacts to Plaintiff, at times and at a place known to

13  be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1).  Fox v. Citicorp

14  Credit Services, Inc., 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), Austin v. Great Lakes Collection

15  Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

16       25.    The Defendant's repeated recalls to Plaintiff constituted harassment in violation of

17  FDCPA §§ 1692d and 1692d(5).  Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir.

18  1994), Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (1981), Kuhn v. Account Control

19  Technology, Inc., 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

20       26.    The foregoing acts and omissions of Defendant were undertaken by it willfully,

21  maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of

22  Plaintiff.

23       27.    Indeed, the foregoing acts and omissions of Defendant were undertaken by it

24  indiscriminately and persistently, as part of its regular and routine debt collection efforts, and

25  without regard to or consideration of the identity or rights of Plaintiff.

26       28.    As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has

27  suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish

28  and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to

1  be proven at trial.

2    29.    As a result of the foregoing acts and omissions of Defendant, and in order to punish

3  Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar

4  acts in the future as part of its debt collection efforts. Plaintiff is entitled to recover punitive

5  damages in an amount to be proven at trial.

6                              CAUSES OF ACTION

7                                  COUNT I

8    30.    The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

9  including, but not limited to, Sections 1692c, 1692d, 1692e 1692f and 1692g.

10    31.    Plaintiff is entitled to recover statutory damages. actual damages, reasonable

11  attorney's fees, and costs.

12                                 COUNT II

13    32.    The foregoing acts and omissions constitute unreasonable debt collection practices

14  in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc., 865*

15  *F. Supp. 1443, 1448-49 (D. Nev. 1994); Pittman v. J. J. Mac Intyre Co. of Nevada, Inc., 969*

16  *F. Supp. 609, 613-14 (D. of Nev. 1997).*

17    33.    Plaintiff is entitled to recover actual damages as well as punitive damages in an

18  amount to be proven at trial.

19                                JURY DEMANDED

20  Plaintiff hereby demands trial by a jury on all issues so triable.

21  WHEREFORE. Plaintiff prays that this Honorable Court grant the following relief:

22    1.    Award actual damages.

23    2.    Award punitive damages.

24    3.    Award statutory damages of $1.000 pursuant to 15 U.S.C. § 1692k.

25    4.    Award reasonable attorney fees.

26  ///

27  ///

28  ///

4

1    5.    Award costs.

2    6.    Grant such other and further relief as it deems just and proper.

3

4                                    Respectfully submitted,

5

6                                    MITCHELL D. GLINER, ESQ.
                                     Nevada Bar #003419
7                                    3017 W. Charleston Blvd. #95
                                     Las Vegas, NV  89102
8                                    Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHEN SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| GC SERVICES LIMITED | ) | |
| PARTNERSHIP, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | JURY DEMANDED |

COMPLAINT

JURISDICTION

1.   The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction.   Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

PRELIMINARY STATEMENT

2.   This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

EXHIBIT 1

3.    In 2007, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada.

4.    As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

PARTIES

5.    Plaintiff, STEPHEN SCHNEIDER is a natural person who resides in Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.    Defendant, GC Services Limited Partnership , is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Columbus, Ohio, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

FACTUAL ALLEGATIONS

7.    Plaintiff(s) repeat, reallege and assert all factual allegations contained in the preliminary statement to this Complaint and reassert them as incorporated in full herein.

8.    Plaintiff is an *extremely* prominent Las Vegas business man.

9.    Plaintiff graduated from the University of Nebraska in 1965.

2

10.   Plaintiff neither applied for nor received a student loan of any kind.

11.   On Monday, September 24, 2007, Plaintiff's wife, Joyce, received a call from Defendant's representative, Manny.

12.   Manny demanded that Joyce provide Plaintiff's Social Security Number.

13.   Joyce refused and Manny hung up.

14.   Manny's number was 866-427-4865.

15.   Later that morning Anastasia spoke with Plaintiff also demanding his Social Security Number.

16.   Anastasia hung up when Plaintiff refused.

17.   On October 22, 2007, Janet called Plaintiff from 866-427-4865.

18.   Janet informed Plaintiff she worked for the government and was calling about Plaintiff's defaulted student loan.

19.   Plaintiff advised Janet he did not have a student loan and asked her to fax the underlying loan documents.

20.   Janet refused and then angrily threatened Plaintiff with garnishment of his and Joyce's income.

21.   Janet also advised Plaintiff his income tax refund would be confiscated.

22.   Janet also threatened to sue Plaintiff.

23.   On November 13, 2007, Scott called.

24.   Scott demanded $18,000.00 and told Plaintiff if he didn't pay his tax refund would be confiscated.

25.   On November 14 and 17, 2007, Scott called Joyce advising that Defendant's collection account would be reported on Plaintiff's credit profiles.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

3

26. On November 27, 2007, Scott called Joyce again.

27. This time instead of demanding $18,000.00, Scott demanded $5.00 per month for 4 months.

28. Scott offered Plaintiff this "remedy" of rehabilitation.

29. Scott called back on December 3, 2007, threatening garnishment.

30. Scott then screamed at Plaintiff so Plaintiff hung up.

31. On December 12, 2007, Scott called again.

32. This time he demanded $28,000.00.

33. Plaintiff asked Scott to fax him the information.

34. Scott then put on his supervisor, *Steve.*

35. Steve then told Plaintiff Defendant wouldn't fax Plaintiff anything.

36. Steve told Plaintiff this was because Plaintiff was not "smart enough to read."

37. Defendant's attempt to collect on a invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f. Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

38. Defendant's continued phone contacts to Plaintiff, at times and at a place known to be inconvenient to Plaintiff, were made in violation of FDCPA § 1692c(a)(1). Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516, fn. 10 (9th Cir. 1994), Austin v. Great Lakes Collection Bureau, Inc., 834 F. Supp. 557, 559 (D. Conn. 1993).

39. The Defendant's repeated recalls to Plaintiff constituted harassment in violation of FDCPA §§ 1692d and 1692d(5). Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

4

1994), <u>Bingham v. Collection Bureau, Inc.</u>, 505 F. Supp. 864, 873 (1981), <u>Kuhn v. Account Control Technology, Inc.</u>, 865 F. Supp. 1443, 1452-53 (D. Nev. 1994).

40.  The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

41.  Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

42.  As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

43.  As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

CAUSES OF ACTION

COUNT I

44.  The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e 1692f and 1692g.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

Case 2:11-cv-01163-LRH-CWH   Document 1   Filed 07/14/11   Page 22 of 23

Case 2:10-cv-00245-RCJ-RJJ   Document 1   Filed 02/21/10   Page 11 of 12
Case 2:07-cv-01672-LRH-LRL   Document 1   Filed 12/..2007   Page 6 of 6

45.   Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

46.   The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

47.   Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1.   Award actual damages.

2.   Award punitive damages.

3.   Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

4.   Award reasonable attorney fees.

5.   Award costs.

6.   Grant such other and further relief as it deems just and proper.

Respectfully submitted,

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, NV 89102
Attorney for Plaintiff

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

6



GC Services Limited Partnership

GC Services L.P.
4777 Hilton Corporate Drive
Columbus, OH 43232
Phone: (877) 551 – 9780
Fax:     (520) 665 – 4933

| To | **FAX** | From |
| --- | --- | --- |

Name: _Esther Schneider_

Organization Name/Dept: _____

Phone number: _(702) 360-1008_

Fax number: _702-454-8574_

From: _Stephen - FR281_

Date Sent: _2/5/10_

Reference #: _437300_

## *REQUEST FOR EMPLOYMENT VERIFICATION*

EMPLOYEE'S NAME: _Harriet Vancouver Park al_

SOCIAL SECURITY NUMBER: _1-866-427-4865_

DATE OF HIRE: _____

POSITION: _____

EXTENSION: _____

HOURS WORKED PER WEEK: _____

CURRENT PAYROLL ADDRESS: _____

_____

EMPLOYEE'S DIRECT EXTENSION
OR PHONE NUMBER: _____

EMPLOYEE'S HOME ADDRESS: _____

_____

EMPLOYEE'S HOME PHONE: _____

# EXHIBIT 2